**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**JOSEPH (SMOKIN' JOE) FRAZIER and**
**RUBIN MARK, INC.,**

                      **Plaintiffs,**

                v.                                    5:02-CV-131
                                                       (FJS/GJD)

**TURNING STONE CASINO; ONEIDA**
**INDIAN NATION; CHIEF RAY HALBRITTER, as**
**an individual and a representative of the Oneida**
**Indian Nation; EDWARD BROPHY, acting individually**
**as a Boxing Promoter in connection with Turning**
**Stone Casino and as a representative of the**
**International Boxing Hall of Fame; DWAYNE**
**STITZER, as an Individual and Marketing Manager,**
**Turning Stone Casino; and the INTERNATIONAL**
**BOXING HALL OF FAME, an off-reservation entity,**
**controlled by EDWARD BROPHY,**

                      **Defendants.**

---

**APPEARANCES**                                       **OF COUNSEL**

**THE BULLARD LAW GROUP**              **H. TODD BULLARD, ESQ.**
Old City Hall, Suite 200
30 West Broad Street
Rochester, New York 14614
Attorneys for Plaintiffs

**MACKENZIE HUGHES LLP**               **PETER D. CARMEN, ESQ.**
101 South Salina Street, Suite 600
P.O. Box 4967
Syracuse, New York 13221-4967
Attorneys for Defendants Oneida Indian
Nation, Turning Stone Casino, Chief Ray
Halbritter, and Dwayne Stitzer

**ZUCKER SPAEDER LLP**　　　　　　　　　　**WILLIAM W. TAYLOR, III, ESQ.**
1800 M Street, NW　　　　　　　　　　　　**MICHAEL R. SMITH, ESQ.**
Washington, D.C. 20036-5802　　　　　　　**DAVID A. REISER, ESQ.**
Attorneys for Defendants Oneida Indian
Nation, Turning Stone Casino, Chief Ray
Halbritter, and Dwayne Stitzer

**HANCOCK & ESTABROOK, LLP**　　　　　**TIMOTHY P. MURPHY, ESQ.**
1500 MONY Tower I
P.O. Box 4976
Syracuse, New York 13221-4976
Attorneys for Defendants Edward Brophy
and International Boxing Hall of Fame

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiffs' amended complaint asserts three causes of action, all of which are premised upon Defendants' alleged violation of New York Civil Rights Law §§ 50 and 51. The first cause of action, brought against all Defendants, asserts that Defendants injured Plaintiff Frazier by misappropriating his image and likeness for advertising and promotional purposes in violation of §§ 50 and 51 of New York Civil Rights Law. The second cause of action, brought against all Defendants, asserts that Defendants injured both Plaintiffs as a result of the same conduct charged in the first cause of action. The third cause of action, brought against Defendants Halbritter, Stitzer, and Brophy, asserts that they "acted in concert and by agreement to misappropriate the Plaintiff's image and likeness for commercial gain . . . [and that their] agreement to misappropriate Plaintiffs [sic] Smokin Joe's Image was outside of each respective Individuals' [sic] scope of tribal duties." *See* Amended Complaint at ¶¶ 55, 57. Plaintiffs seek

monetary, declaratory, and injunctive relief.

Currently before the Court is Plaintiffs' motion for reconsideration, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, of the Court's March 31, 2003 Memorandum-Decision and Order ("MDO"), in which it, addressing Defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, *inter alia*, (1) dismissed Defendants Oneida Indian Nation, Turning Stone Casino, Halbritter, and Stitzer from the action upon the defense of tribal sovereign immunity; (2) dismissed the amended complaint with respect to all claims against Defendant Brophy to the extent that those claims are based upon his conduct as an agent for Defendants Oneida Indian Nation and Turning Stone Casino on the ground of tribal sovereign immunity; (3) dismissed the amended complaint with respect to all claims asserted on behalf of Plaintiff Rubin Mark, Inc. for failure to state a claim; and (4) dismissed Plaintiffs' claims for prospective injunctive relief against individual Defendants for the acts taken in their official capacities as agents of the Oneida Indian Nation and Turning Stone Casino.  Also before the Court is Plaintiffs' alternative motion for entry of a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## II. DISCUSSION[1]

**A.    Plaintiffs' motion for reconsideration**

*1. Timeliness*

A party must make a motion for reconsideration pursuant to Local Rule 7.1(g) within ten

---

[1] The Court described the factual background underlying Plaintiff's claims against Defendants in its MDO and, therefore, will not repeat those facts here.  *See* Dkt. No. 52 at 3-5.

days after the entry of the challenged order. *See* L.R. 7.1(g).[2] The Court entered the MDO on March 31, 2003. *See* Dkt. No. 52. Plaintiffs filed their motion for reconsideration on June 24, 2005. *See* Dkt. No. 76. Accordingly, although the Court could deny Plaintiffs' motion on the ground of its untimeliness alone, it will, instead, address the merits of the motion.

### *2. Merits*

In this District, there are generally only three grounds that justify reconsideration, pursuant to Local Rule 7.1(g), of a court's order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or prevent manifest injustice." *ITT Commercial Fin. Corp. v. Harsco Corp.*, No. 91 CV 0793, 1999 WL 6922, *1 (N.D.N.Y. Jan. 6, 1999) (citations omitted). Plaintiffs base their motion for reconsideration on a purported change in the law that *Saratoga County Chamber of Commerce, Inc. v. Pataki*, 100 N.Y.2d 801 (2003), effected and that *Peterman v. Pataki*, No. 99-0520, 2004 WL 2222278 (N.Y. Sup. Ct. June 25, 2004), followed. However, that change in law does not help Plaintiffs.

In its MDO, the Court concluded that "[t]he protection of tribal sovereign immunity 'extends to individual tribal officials acting in their representative capacity and within the scope of their authority.' . . . . Where, however, the subject of the lawsuit is not related to the performance of their official duties, tribal officials are amenable to suit." *See* MDO at 15

---

[2] Although Plaintiffs explicitly seek relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, that provision is inapplicable. A party may only move for reconsideration of an order pursuant to Rule 60(b) if that order is final. *See Indem. Ins. Co. of N. Am. v. Reisley*, 153 F.2d 296, 299 (2d Cir. 1946) (footnote omitted); *Cancel v. Mazzuca*, No. 01 Civ. 3129, 2002 WL 1891395, *3 (S.D.N.Y. Aug. 15, 2002) (quotation omitted). Since the MDO "adjudicate[d] fewer than all the claims or the rights and liabilities of fewer than all the parities," it is not a final order. Fed. R. Civ. P. 54(b).

(citation and internal quotation omitted).

The "new" case upon which Plaintiffs principally rely, *Saratoga County Chamber of Commerce*, held that the gaming compact that Governor Pataki entered into with the St. Regis Mohawk Tribe usurped the State Legislature's power. *See Saratoga County Chamber of Commerce*, 100 N.Y.2d at 822-23. The other case that Plaintiffs cite in support of their motion for reconsideration, *Peterman*, applied the holding of *Saratoga County Chamber of Commerce* and concluded that the gaming compact that then-Governor Cuomo entered into with Defendant Oneida Indian Nation violated the separation of powers and was, thus, invalid. *See Peterman*, 2004 WL 2222278, at \*\*6.

The Court does not see how these cases affect its legal conclusion in the MDO. Whether the Governors were acting within the scope of their authority when they entered into the gaming compacts is irrelevant to whether the individual Defendants were acting within the scope of their authority when they committed the acts of which Plaintiffs complain. Insofar as Plaintiffs suggest that, in the absence of valid gaming compacts, all Defendants' gaming-related activities are illegal and, therefore, not protected by tribal immunity, the Court has already considered and rejected this position. As the Court noted in its MDO,

> "it is insufficient for the plaintiffs merely to allege that [the individual defendants] violated state and federal law in order to state a claim that [the individual defendants] acted beyond the scope of their authority; it would be tantamount to eliminating tribal immunity from damages actions because a plaintiff must always allege a wrong in order to state a claim for relief." . . . . Instead, the court found that "to state a claim for damages against [the individual defendants], the plaintiffs would have to allege and prove that [the individual defendants] acted 'without any colorable claim of authority,' apart from whether they acted in violation of federal or state law."

-5-

*See* MDO at 18-19 (quotation and internal quotation omitted).[3]

Accordingly, the Court finds that the lack of merit of Plaintiffs' motion for reconsideration is an alternative basis for the Court to deny it.

**B.   Plaintiffs' motion for an entry of final judgment**

Rule 54(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that

> [w]hen more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . .

Fed. R. Civ. P. 54(b).  The Second Circuit has noted that

> [g]enerally, a district court may properly make a finding that there is "no just reason for delay" only when "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal," . . . , for example, where a plaintiff might be prejudiced by a delay in recovering a monetary award, . . . , or "where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims," . . . .  As a general matter, . . . , we have emphasized that, in light of the "historic federal policy against piecemeal appeals," . . . , the court's power under Rule 54(b) to enter a final judgment before an entire case is concluded should be exercised "sparingly," . . . .

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (quotations and internal quotations and citations omitted).

---

[3] Although perhaps not ultimately relevant to Plaintiffs' claims, it bears noting that, if three judges of the New York Court of Appeals could dissent in *Saratoga County Chamber of Commerce* and conclude that the gaming compact at issue in that case did not violate the separation of powers, it would be difficult for Plaintiffs to argue that the individual Defendants could not have a reasonable belief that the Oneida gaming compact was valid.  *See Saratoga County Chamber of Commerce*, 100 N.Y.2d at 845 (Read, J., joined by Wesley and Graffeo, JJ., dissenting).

Plaintiffs argue that the Court should exercise its discretion to direct an entry of final judgment in order to avoid the need for a separate trial in the event of a reversal on appeal. The Court does not find Plaintiffs' argument persuasive. As Defendants noted in their papers, Plaintiffs' Rule 54(b) motion is untimely. If Plaintiffs believed that the MDO improperly reflected the state of the law at the time the Court issued it, they should have made their motion soon after issuance. If, however, Plaintiffs believed that *Saratoga County Chamber of Commerce* changed the law upon which the Court based the MDO, they should have made their motion soon after the New York Court of Appeals issued its decision. Plaintiffs' failure to move in a reasonable time for an entry of judgment undercuts any argument that they might have that they will suffer a hardship or injustice if the Court denies their motion. Furthermore, assuming that Plaintiffs intend to rely upon *Saratoga County Chamber of Commerce* as the basis for their argument on appeal, there is no ground for believing that such an argument would be successful. Accordingly, the Court denies Plaintiffs' motion for an entry of final judgment.

### III. CONCLUSION

After carefully considering the file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiffs' motions for reconsideration and for an entry of final judgment are **DENIED**.

**IT IS SO ORDERED.**

Dated: August 16, 2005
       Syracuse, New York

                                                   Frederick J. Scullin, Jr.
                                                   Chief United States District Court Judge